J. S. FELGER AND WILLIAM PEARSON, RESPONDENTS, v. F. E. ROBINSON AND W. F. HERNDON, APPELLANTS.

*Appeal from Benton County.*

COMPLAINT.—An allegation that Mary's river was declared navigable for floating logs  *  *  from Metzger's mill to the farm of William Wood  *  * and said logs were floated on said stream within said points, does not contain any claim of right to float logs over and past the dam at said mill.

CONSTRUCTION.—The right to float logs between certain points would not justify their doing damage at the terminus.

NAVIGABILITY OF STREAMS.—Any stream, on whose waters logs and timber can be floated to market, is navigable, and is a public highway for that purpose.

IDEM.—It is not necessary that the stream should be so available during the whole year to constitute it a navigable stream.

THE complaint in this case alleges that the plaintiffs are the owners of the real estate described therein, and that Mary's river, in its natural course, flows through the same, and is not a navigable stream; and that plaintiffs are the owners of a dam and mill on said premises, which said mill has been used by plaintiffs and their assignors for many years.

That on the first of January, 1869, the defendants put into the said stream, above plaintiff's dam, drift wood,

timber and logs, which floated down upon the dam and destroyed it, and made it useless, and that the mill was thereby rendered useless for about a month. There are other allegations in the complaint, with a view to charging consequential damages, but they are not material to the decision of the case in this court. The answer denies every material allegation in the complaint, and then, by way of new matter alleges, that Mary's river is a navigable stream, being made so by the action of the Board of County Commissioners of Benton county, about the year 1856, in pursuance of a general law of the then territory of Oregon. The answer also sets up as a defense, that said stream has been used for twenty years, for the purpose of floating logs down the same, by the inhabitants of the county, without objection, and that, therefore, the public have acquired a right to navigate the same for that purpose, by prescription. To this answer the plaintiffs demurred, and the court below sustained the demurrer to those parts of the answer, which set up the right to navigate said stream, under the authority acquired by the action of the Board of County Commissioners of Benton county, and the right by prescription. to which ruling exception was duly taken. The case then went to trial on the issues raised, between the complaint and answer, and the question as to whether the stream was navigable or not, was left to the jury, and the jury found a general verdict for the plaintiffs.

*Thayer, Burnett & Strahan,* for appellants.

What defenses may be set up. (Code, p. 157, sec. 72.)

Legislative bodies may declare streams navigable, and their action will not be slightly regarded. (Session Acts of 1856, p. ——; 18 Barb. 277.)

The acts of the Territorial Legislature, unless disproved by Congress, are binding. (Organic Act; Laws of Oregon, p. 80, sec. 6.)

Under such act of the Legislature, the County Commissioners rightfully declared Mary's river a navigable stream, and appellants had a right to float logs there.

Shores of navigable streams, and the soil under the stream belong to the State as sovereign, and the public have an easement therein, or right of passage, as a highway. (3 Kent Com. 427; 3 How. U. S. 212; 31 Maine, 9.)

*Chenowith & Williams*, for respondents.

The answer showed no prescriptive right. (Ang. on Highways, 102.)

No act of the Legislature can authorize County Commissioners to take private lands without compensation. (6 Cow. 535; 6 Barb. S. C. R. 265; 17 Johns. 195.)

Legislation cannot interfere with the primary disposal of the soil. (Organic Act; Laws of Oregon, p. 70, sec. 6; p. 76, sec. 14.)

BOISE, C. J. The main questions for this court to determine, are 1st, was the ruling on the demurrer correct. The allegation in the answer is, "that said Mary's river was duly declared navigable for the purpose of floating logs by the Board of County Commissioners of the county of Benton, * * * in pursuance of law, etc., from said Metzger's mill (the mill in question), to the farm of Wm. Wood in King's valley, said county, etc., and said logs were floated on said stream, within said points."

There is no allegation that, by said declaration of navigability, defendants were authorized to float saw logs over and past said dam, and the damage complained of is, that the logs broke said dam, and thereby caused the injury complained of. The right to float logs between certain points, would not justify their doing damage at the terminus. The same reasoning would dispose of the second point, provided there was a right by prescription between the same points, for, in the parts of the answer affected by the ruling on the demurrer, navigability is only claimed between Metzger's mill and Wood's farm, so we think the ruling on the demurrer can be sustained.

But the view which we have taken of the case renders these parts of the answer immaterial. We hold the law to be, that any stream in this state is navigable, on whose

waters logs, or timbers can be floated to market, and that they are public highways for that purpose; and that it is not necessary that they be navigable the whole year for that purpose to constitute them such. If at high water they can be used for floating timber, then they are navigable; and the question of their navigability is a question of fact, to be determined as any other question of fact by a jury. Any stream in which logs will go by the force of the water is navigable. Such is the rule in Maine, where small streams are used to great advantage in bringing logs from deep forests to places convenient for use. (*Moor* v. *Veazie*, 32 Maine, 343; *Treat* v. *Lord*, 42 Maine, 552; *Brown* v. *Scofield*, 8 Barb. S. C. R. 243.)

Such is now the settled law in those states that have adjudicated this question. And we think it the rule that best accords with common sense and public convenience, for these rapid streams, penetrating deep into the mountains, are the only means by which timber can be brought from these rugged sections, without great labor and expense; and by their use large tracts of timber, otherwise too remote or difficult of access, can be rendered of great value, as the country shall grow and timber become scarce. The question as to whether the legislature has authority to declare a stream navigable, is not material here. There is no doubt but the legislature has the authority to regulate the navigation of these streams, and make provisions for passing dams and booms, and it will undoubtedly express its authority in this respect, as this matter shall assume more importance. As there is nothing before the court in this case, except the ruling of the court on the demurrer to the complaint, the court does not have before it the merits of the case, to ascertain on what grounds the verdict was found, or whether in fact the jury considered the question of the navigability of Mary's river, and we are not at liberty to go beyond the record; but I will here say, that if Mary's river is capable of floating logs from along its bank to the Willamette river, or to mills on its own banks, then it is a navigable stream.

The judgment below will be affirmed.