Decided 10 July, 1899.

## LAVERY v. ARNOLD.

[57 Pac. 906, 58 Pac. 524.]

1. ALIENS—WATER RIGHTS.—An alien has the same right to purchase land from private persons that a citizen has, and an appurtenant water right will pass to an alien under a conveyance just as it would to a citizen.

2. ESTOPPEL BY ACQUIESCENCE—PAROL LICENSE.—An owner of a water privilege cannot be estopped from insisting on his rights by the fact that he stood by without objecting while another diverted water from the same stream. To constitute acquiescence an estoppel it must have been in consequence of some consideration from the second appropriator or of some benefit accruing to the person estopped: *Garrett* v. *Bishop*, 27 Or. 349, cited.

3. DATE WHEN ADVERSE USE BEGINS.—The adverse user of water for irrigation purposes does not begin with the construction of the ditch, but only with the first beneficial use of the water.

4. PLEADINGS MUST BE CONSIDERED TOGETHER.—A complaint and reply should be read together, when not repugnant, to determine the intent of the pleader.

From Malheur: MORTON D. CLIFFORD, Judge.

This suit was commenced June 26, 1896, by Daniel Lavery to enjoin Thos. L. Arnold from diverting water from a natural stream known as "Jerry Creek." Plaintiff alleges that he is the owner of a tract of arid land in Harney County, through which said creek flows; that in 1883 his predecessor in interest made an appropriation of two hundred inches of water therefrom, which has since been constantly used in irrigating said land; that in 1890 defendant unlawfully diverted water from said stream, thereby depriving plaintiff of the use thereof, to his damage in the sum of $1,000. The defendant, after denying the material allegations of the complaint, avers that he is the owner of certain tracts of land through which said stream flows; that in April, 1886, he made an appropriation of water therefrom, and has since used the same adversely to plaintiff in irrigating his land; that plaintiff and his predecessor in interest, by making no objection, encouraged him to make such appropriation; and that, relying upon their acquiescence,

and believing that he would not be disturbed in the use of the water, he made valuable improvements upon his land, which he would not otherwise have made. The reply having denied the material allegations of the answer, the cause was referred to William E. Lees, who took the testimony, and found for the defendant; but, objections having been made to such findings, the court set them aside, and found for plaintiff, and that he was entitled to forty inches of the water of said stream, and enjoined defendant from interfering with his use thereof, and from this decree the latter appeals.      AFFIRMED.

For appellant there was a brief over the names of *Will R. King* and *F. M. Saxton,* with an oral argument by *Mr. King.*

For respondent there was a brief and an oral argument by *Mr. John L. Rand.*

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

1.   The evidence shows that in 1883 George W. McQuinn settled upon the land now owned by plaintiff, extended thereto a neighbor's ditch, and used the water of Jerry Creek thereupon; that in 1885 he filled up this extension, constructed another ditch, and appropriated the water of said creek to the irrigation of his land, to which he afterwards obtained a title; that in 1887 plaintiff became the owner of said tract, and since that time has constantly used a portion of said water in raising crops thereon; that in 1886 defendant appropriated the waters of said stream in irrigating a tract upon which he settled, and has since continued so to use a portion thereof.   From this evidence the court found, and we think rightly, that plaintiff's predecessor in interest was

the prior appropriator. It is insisted by defendant's counsel that the evidence fails to show that plaintiff was a citizen of the United States. But this can be of no consequence, for his predecessor in interest must have been, in order to acquire the title from the general government; so that the water right, being appurtenant to the land, passed by the conveyance to plaintiff, who is now the owner of it, unless he has been deprived thereof by estoppel or an adverse user.

2. Defendant's counsel maintain that plaintiff and his predecessor knowingly and without objection permitted their client to construct ditches and divert the water to the irrigation of his land, and that, relying upon such acquiescence, he has improved his premises, which would be rendered valueless without the use of the water; and, this being so, plaintiff is estopped to question his right to continue such use. It has been held in this state that a parol license to do some act upon the servient estate cannot be revoked after the licensee, relying upon the faith thereof, has expended money or performed labor in making valuable and permanent improvements upon real property : *Coffman* v. *Robbins*, 8 Or. 278 ; *Huston* v. *Bybee*, 17 Or. 140 (2 L. R. A. 568, 20 Pac. 51); *Combs* v. *Slayton*, 19 Or. 99 (26 Pac. 661); *Curtis* v. *La Grande Water Co.* 20 Or. 34 (10 L. R. A. 404, 23 Pac. 808, and 25 Pac. 378); *McBroom* v. *Thompson*, 25 Or. 559 (42 Am. St. Rep. 806, 37 Pac. 57); *Garrett* v. *Bishop*, 27 Or. 349 (41 Pac. 10). But such license must result from some consideration paid by the licensee or some benefit accruing to the licensor, otherwise a person entitled to the use of water might be deprived thereof by seeing a neighbor constructing a ditch, making no objection thereto until the water was diverted, under an honest belief that he intended to use only the surplus. The parol license sanctioned and upheld by this court is something more

than a passive acquiescence, and hence defendant can claim no right to the use of the water by this means.

3. The evidence relating to defendant's diversion and appropriation of a part, at least, of the water of Jerry Creek embraces every element of an adverse user ; and the only question to be considered is whether it has continued for such a period as to bar a recovery by plaintiff. This suit having been commenced June 26, 1896, defendant's adverse use, to defeat plaintiff's right, must have been inaugurated ten years prior thereto. The evidence in relation to the exact date when the water was applied by the defendant to a beneficial use is quite vague. He testifies that on April 1, 1886, he took possession of a forty-acre tract of state school land, now claimed by him, but he could not say when he did the first work thereon ; that one Long took possession of a tract of government land June 1, 1886, and the next year cultivated a garden thereon, irrigating it by water taken from Jerry Creek ; that Long transferred his interest in this tract to him ; and that he commenced to cultivate it in 1888. After detailing the character and value of his improvements upon these tracts, he was asked and answered the following questions in relation thereto : "Q. You may state if you have irrigated the same during the times you have mentioned. A. I have. Q. From what creek? A. From Jerry Creek. Q. By what means? A. By means of a ditch and dam in the creek—a ditch leading from the creek. Q. When did you first make this ditch and dam and make an appropriation of the waters of Jerry Creek? A. I took out the first ditch from Jerry Creek in April, 1886." It will be seen that the defendant does not state that he appropriated the water to the school land in April, 1886, unless the appropriation can be inferred from his answer to the question, "You may state if you have irrigated the same during the times

you have mentioned." The word "same" refers to both tracts of land, and "times" to April 1, 1886, when defendant took possession of the school land, and June 1 of that year, when Long entered upon the other tract. There is no evidence tending to show that prior to June 26, 1886, Long appropriated the water to his land, so that defendant could tack his user to his predecessor's use, and thus complete the statutory period of limitation ; and hence defendant's right must be limited to the forty-acre tract. The construction of the ditch in April, 1886, does not show that his adverse user began at that date, because, not being a prior appropriator, his right only began with the date the water was applied to a beneficial use : *Senior* v. *Anderson*, 115 Cal. 496 (47 Pac. 454). Several witnesses testified that defendant applied the water to the school land in the spring of 1886, and as the spring ended with May 31, it might seem that this was sufficient to bar plaintiff's right. But the defendant having alleged an adverse user as the foundation of his claim, the burden was upon him conclusively to show that it was inaugurated prior to June 26, 1886, which we think he failed to do. His answer, "I took out the first ditch from Jerry Creek in April, 1886," when the question embraced the appropriation as well, would seem to contradict, by inference at least, the answer to the question, "You may state if you have irrigated the same during the times you have mentioned." He may have thought that his appropriation related to the time when he constructed the ditch, and, if this be so, it would explain his answer that he had irrigated the land since April 1, 1886. Having testified that he could not state when he began work on the forty-acre tract, it is impossible to believe that he could have appropriated the water on the day on which he took possession of the land. The defendant having failed in this respect, the finding of

the court that he has no title to the use of the water is
correct so far as it relates to the use of the quantity
awarded plaintiff.   The evidence shows that from twenty
to sixty inches of water flow in Jerry Creek, except when
the snow is melting, at which time it carries several hun-
dred inches.   Plaintiff's cultivated land would require,
for its proper irrigation, the quantity of water which the
court awarded him ; and, this being so, it follows that
the decree is affirmed.                         AFFIRMED.

### ON PETITION FOR REHEARING.

MR. JUSTICE MOORE delivered the opinion.

4.   It is claimed by defendant's counsel in their pe-
tition for a rehearing of this cause that the reply admits
the appropriation and adverse use of the waters of Jerry
Creek by defendant for more than ten years prior to the
commencement of the suit, and that this court erred in
finding that such use was for a shorter period.   The com-
plaint alleges that plaintiff's predecessor in interest made
a prior appropriation of the waters of said creek in 1883,
and that in 1890 the defendant unlawfully diverted the
waters thereof, to plaintiff's damage, etc.   The answer,
after denying the material allegations of the complaint,
avers that defendant, on April 1, 1886, made an appro-
priation of water therefrom, which he has since used
adversely to plaintiff in irrigating his land, and that
plaintiff and his predecessors in interest have ever since
said date acquiesced therein, thereby encouraging him to
improve and cultivate his premises, and therefore plain-
tiff should not now be permitted to allege that he was
the owner and entitled to the use of said water.   The
reply denies "that said defendant or his predecessors in
interest have now, or ever had at any time or date what-
ever, exclusive use of the waters of Jerry Creek, or any

other use whatever, to irrigate said lands or any lands whatever, or for any purpose whatever, or otherwise or at all, save and except under the protest of this plaintiff.'' It is argued that this is an admission that defendant used the waters of said stream more than ten years prior to the commencement of the suit, against plaintiff's protest, and, as the appropriation, notwithstanding such protest, constituted an adverse user, the court erred in affirming the decree.    The complaint and reply, when not repugnant, should be read together, to determine the intent of the pleader, and, when thus read and fairly construed, it is evident that the use of the water by defendant over plaintiff's protest was after 1890.    As we view the reply, the allegation of protest against the use of the water is to show that plaintiff did not acquiesce therein as alleged, or encourage the defendant in improving his premises by such use, rather than that the defendant had used the water more than ten years against plaintiff's protest. Defendant having alleged an adverse user, the burden was upon him to show when the water was applied to a beneficial use, and, he having failed in this respect, the petition is denied.                    REHEARING DENIED.