Argued 30 January; decided 12 March, 1900.

## HALLOCK *v.* SUITOR.

[60 Pac. 384.]

FLOATABLE STREAMS ARE NAVIGABLE.

1. A stream capable of floating logs and timbers to market is a navigable stream, and is not deprived of its navigable character by the fact that for a portion of the year it cannot be used for that purpose: *Nutter* v. *Gallagher*, 19 Or. 375, applied.

WATERS—ESTOPPEL TO REVOKE PAROL LICENSE.*

2. The fact that a riparian owner upon a navigable stream made no objection when a lower riparian owner announced his intention to build a dam on her land, is not equivalent to a license to construct the dam; nor is such passive acquiescense such an encouragement to expend money in building the dam as will preclude the landowner from enjoining its maintenance when constructed.

From Polk: HENRY H. HEWITT, Judge.

Suit by Mary E. Hallock against Robert Suitor for an injunction. Decree for defendant and plaintiff appeals.
                                                MODIFIED.

*NOTE.—See the case of *Pifer* v. *Brown*, 49 L. R. A. 497, to which is appended an extended note on the revokability of a license to maintain a burden on land after the licensee has incurred expense in creating the burden, and particularly pp. 523, 524 and 526 where the Oregon cases are considered.

A valuable note on the nature and revocation of parol licenses is printed with the case of *Lawrence* v. *Springer*, 31 Am. St. Rep. 702, 712. See, also, *Hathaway* v. *Yakima Water Co.* 53 Am. St. Rep. 874, 878, and *Buck* v. *Foster*, 62 Am. St. Rep. 427, 429.—REPORTER.

For appellant there was a brief over the names of *Ralph R. Duniway* and *J. N. Hart*, with an oral argument by *Mr. Duniway*.

For respondent there was a brief over the names of *Ed. F. Coad* and *Daly & Hayter*, with an oral argument by *Mr. Coad* and *Mr. John J. Daly*.

MR. JUSTICE MOORE delivered the opinion.

This is a suit to enjoin the defendant from maintaining and operating a dam constructed by him on plaintiff's premises in Polk County, and to restrain him from interfering with a water power thereon. It appears that La Creole Creek flows in an easterly direction through said premises, and empties into the Willamette River. The land drained by the headwaters thereof is covered with valuable timber, which, cut into saw logs and put into the creek, can only be floated therein in its natural stage during the winter freshets; but by means of dams provided with sluiceways of sufficient capacity, and so arranged as to permit logs to pass through, water can be raised at all times, except in the summer, to a sufficient height, so that when suddenly liberated it flushes the creek, carrying the logs to market. Plaintiff's husband, about 1867, built a sawmill on the premises now owned by her, which was operated by water power secured from said creek; and, having blasted rocks and removed obstructions from the bed thereof, he was able to supply his mill with logs, from which he manufactured lumber, and upon his death plaintiff succeeded to his estate in the premises, and continued the operation of the mill. The defendant about 1896 built a sawmill on said creek below plaintiff's mill, and, finding the head of water raised by two dams constructed by him insufficient to float logs thereto, constructed a dam in the creek on plaintiff's land, and is operating the same

thereon. Plaintiff alleges, in effect, that the closing of the dam built by the defendant on her land retards the flow of the water in the creek to such an extent as to hinder the operation of her mill in the summer, and that after the dam is filled the sudden opening of the gate causes the accumulated water to overflow her land, destroying the banks of the stream, and scattering logs and timber over her premises. The defendant, after denying the material allegations of the complaint, avers, in substance, that he built the dam upon plaintiff's land with her knowledge and consent. The reply having put in issue the allegations of new matter in the answer, a trial was had, and the court, from the testimony taken before it, found the facts, in effect, as hereinbefore stated, and, as conclusions therefrom, that defendant was entitled to float saw logs in said creek through plaintiff's premises to his mill, provided he did so without damage to her property; that he had the right to operate the three dams so constructed by him, retaining the water raised thereby for a reasonable length of time, for the purpose of floating saw logs in the creek when the water therein was in its natural condition; and that the plaintiff was entitled to the free use of said creek to float saw logs to her mill, and to use the water in the stream as theretofore in operating her mill. And, a decree having been rendered in accordance with such findings, the plaintiff appeals.

1. It is contended by plaintiff's counsel that La Creole Creek is not a navigable stream, and hence the court erred in decreeing defendant the right to float saw logs therein through their client's premises. In *Weise* v. *Smith*, 3 Or. 445 (8 Am. Rep. 621), it is held that when a stream is capable, in its natural condition, of being profitably used for any kind of navigation, its use to that extent is subjected to the general rules of law relating to navigation. "We hold the law to be," says Mr.

Chief Justice BOISE, in *Felger* v. *Robinson*, 3 Or. 455, "that any stream in this state is navigable on whose waters logs or timbers can be floated to market, and that they are public highways for that purpose, and that it is not necessary that they be navigable the whole year for that purpose to constitute them such.   If at high water they can be used for floating timber, then they are navigable ; and the question of their navigability is a question of fact, to be determined, as any other question of fact, by a jury.   Any stream in which logs will go by the force of the water is navigable."   To the same effect see *Shaw* v. *Oswego Iron Co.* 10 Or. 371 (45 Am. Rep. 146) ; *Haines* v. *Hall*, 17 Or. 165 (20 Pac. 831, 3 L. R. A. 609); *Nutter* v. *Gallagher*, 19 Or. 375 (24 Pac. 250).   Without quoting from or commenting upon the testimony regarding the character of the creek, we think it clearly shows that it is navigable for logs within the meaning of the term as adopted by this court ; and hence no error was committed in decreeing defendant the use of a common right through plaintiff's premises.

2.   The decree protects plaintiff in the use of her mill by preserving her water power, and we are satisfied, from a careful examination of the testimony, that she has sustained no damage in consequence of the defendant's flushing the creek.   We do not think, however, that defendant secured from plaintiff any license to construct a dam on her premises.   To give to the testimony on this branch of the case every intendment claimed for it by the defendant, it amounts to no more than that he informed her of his intention to build a dam on her land, to which she made no objection.   The plaintiff, being the riparian owner upon a stream navigable only for the purpose of floating logs, has, as appurtenant to such ownership of the bank, the exclusive right to dam the stream upon her premises, provided the floating of logs

by others is not obstructed thereby : *Lamprey* v. *Nelson,*
24 Minn. 304 ; *Kretzschmar* v. *Meehan,* 74 Minn. 211 (77
N. W. 41).   And she cannot be deprived of such right
except by her voluntary act or by condemnatory pro-
ceedings in the mode prescribed by law.   It has been
held in this state that if a party has been encouraged by
any participation in a common enterprise, or induced by
a definite oral agreement of the owner of a dominant
estate to expend money in making permanent valuable
improvements which may inure to his advantage, the
parol license upon the faith of which he has acted in exe-
cuting it cannot be revoked to his prejudice : *Curtis* v.
*La Grande Water Co.* 20 Or. 34 (23 Pac. 808, 25 Pac. 378,
10 L. R. A. 484) ; *McBroom* v. *Thompson,* 25 Or. 559 (42
Am. St. Rep. 806, 37 Pac. 57); *Garrett* v. *Bishop,* 27 Or.
349 (41 Pac. 10).   It is evident that defendant was not
encouraged by plaintiff's participation in the construc-
tion of the dam, nor was he induced to expend money
in making such improvement while relying upon the
faith of any oral agreement by her, and hence he had no
license to thus trespass upon her premises.   The decree
of the court below will therefore be modified, and the
defendant perpetually enjoined from operating the said
dam.                                        MODIFIED.