Argued 1 November; decided 26 November, 1900.

## EWING *v.* RHEA.

[62 Pac. 790.]

LICENSE—ACQUIESCENCE AS AN ESTOPPEL.

The fact that defendant's grantors silently acquiesced in the construction by plaintiff, at considerable expense, of an irrigating ditch across their lands, did not estop defendant, prior to the expiration of the period of limitation, from cutting off the supply of water, plaintiff's right being a bare license, revocable at will: *Lavery* v. *Arnold*, 36 Or. 84, and *Hallock* v. *Suitor*, 37 Or. 9, followed; *Curtis* v. *La Grande Water Co.* 20 Or. 34, overruled on this point.

From Morrow : STEPHEN A. LOWELL, Judge.

This is a suit by W. B. Ewing against C. A. Rhea to enjoin interference with an irrigating ditch. It is substantially alleged in the complaint that plaintiff is in possession, and entitled to the possession, of certain arid land in the north half of section 17, in township 2 north, of range 23 east, in Morrow County, Oregon; that in 1891, at an expense of $510, he constructed a ditch from the bank of Willow Creek, at a point in the north half of section 20, in said township and range, in a northerly direction, across the south half of said section 17, to his premises, whereby he diverted water from said creek, which was thereafter continuously used, except as hereinafter stated, in irrigating his land; that when the ditch was dug the land in said section 20 was claimed, under the timber culture act, by one T. H. Rhea, who thereafter secured from the United States a patent therefor, and on March 31, 1898, conveyed it to the defendant; that in 1891 the south half of said section 17 was claimed, under acts of congress, by the Northern Pacific Railroad Co., which, in 1896, transferred all its interest therein to the Northern Pacific Railway Co., and the latter, in 1898, agreed to sell and convey said land to the defendant, who is in possession thereof; that T. H. Rhea and the Northern Pacific Railroad Co. knew of and acquiesced in the

construction of said ditch, and that they and the North-
ern Pacific Railroad Co. at all times stood by and saw
plaintiff, who relied upon such knowledge and acqui-
escence, expend large sums of money in constructing said
ditch and in improving his premises ; that notwithstand-
ing the defendant, prior to securing T. H. Rhea's deed,
knew that said ditch had been constructed, and that the
water conducted therein had been continuously used in
irrigating plaintiff's land, he, in April, 1898, willfully
destroyed said ditch south of plaintiff's land, thereby de-
priving him of the use of the water. The court having
sustained a demurrer to the complaint, dismissed the
suit, and plaintiff appeals.                    Affirmed.

Mr. S. A. D. Gurley for appellant.

Mr. C. E. Redfield for respondent.

Mr. Justice Moore, after stating the facts, delivered
the opinion of the court.

The question to be considered is whether a complaint
alleging a passive acquiescence by defendant's predeces-
sors, when they knew that plaintiff was expending large
sums of money in making valuable improvements upon
his land while relying upon the faith of the implied license
to maintain said ditch, which, if revocable, would render
such improvements valueless, states facts sufficient to
constitute a cause of suit. Plaintiff's counsel contends
that the complaint is sufficient in this respect, and that
the court erred in sustaining the demurrer ; and relies
upon the case of Curtis v. La Grande Water Co. 20 Or. 34
(23 Pac. 808, 25 Pac. 378, 10 L. R. A. 484), in which it
appears that in 1865 the company's predecessor, with the
consent and assistance of one Green Arnold, built a dam
across a creek, and laid a pipe therefrom, by which water

was diverted and conducted to the City of La Grande for the use of its inhabitants. Mrs. Curtis, the plaintiff therein, in 1876 acquired by *mesne* conveyances from Arnold the title to a tract of land through which said creek flowed, and in 1887 the company, without her express consent, built a new dam across the creek about one thousand feet above the old one, and, taking up the conduit, relaid it from the new dam, and resumed the supply of water thereby. Mrs. Curtis having instituted a suit to enjoin the diversion, it appeared at the trial that the company changed the point of diversion under a claim to the use of the water which it believed was well founded; that Mrs. Curtis, with knowledge of such claim, stood by without asserting any right to have the undiminished flow of the stream continue in the natural channel until she had seen the company expend large sums of money in improving its property, which, without the use of the water at the new point of diversion, would be rendered valueless, whereupon it was held that by her passive acquiescence she was estopped from asserting any right to the uninterrupted flow of the water in the creek. In *Garrett* v. *Bishop*, 27 Or. 349 (41 Pac. 10), it was held that the evidence of an irrevocable license should be clear and convincing, and show a permission to do the particular act performed, or some participation in its execution by the alleged licensor. In *Lavery* v. *Arnold*, 36 Or. 84 (57 Pac. 906), it was held that a passive acquiescence was insufficient to create an estoppel; the court saying :· ''But such license must result from some consideration paid by the licensee, or some benefit accruing to the licensor ; otherwise, a person entitled to the use of water might be deprived thereof by seeing a neighbor constructing a ditch, making no objection thereto until the water was diverted, under an honest belief that he intended to use only the surplus.''

So, too, in *Hallock* v. *Suitor*, 37 Or. 9 (60 Pac. 384), it

was held that a riparian owner upon a stream who made no objection when informed by a lower riparian proprietor that he intended to build a dam on her land was not estopped by any failure to assert her right, and that such passive acquiescence was not equivalent to a license to construct the dam.  A license of this character is an authority to do some act or series of acts on the land of another for the benefit of the licensee without passing any estate in the land :  *Christensen* v. *Pacific Coast Borax Co.* 26 Or. 302 (38 Pac. 127);  *Stinson* v. *Hardy*, 27 Or. 584 (41 Pac. 116).  "A license," says Mr. Justice LORD, in *Curtis* v. *La Grande Water Co.* 20 Or. 34 (23 Pac. 808, 25 Pac. 378, 10 L. R. A. 484), "creates no interest in land. It is founded on personal confidence, and is not assignable ; and its continuance depends on the pleasure of the party giving it, and is revocable unless executed under such circumstances as would authorize the interference of equity to prevent injustice."   The rule is well settled in this state that if a party has paid a consideration therefor, or been encouraged by any participation in a common enterprise, or induced by a definite oral agreement to expend money in making permanent valuable improvements, the parol license upon the faith of which he has acted in executing it cannot be revoked to his prejudice : *Coffman* v. *Robbins*, 8 Or. 279 ;  *Huston* v. *Bybee*, 17 Or. 140 (20 Pac. 51, 2 L. R. A. 568);  *Combs* v. *Slayton*, 19 Or. 99 (26 Pac. 661);  *Curtis* v. *La Grande Water Co.* 20 Or. 34 (23 Pac. 808, 25 Pac. 378, 10 L. R. A. 484);  *Baldock* v. *Atwood*, 21 Or. 73 (26 Pac. 1058);  *McBroom* v. *Thompson*, 25 Or. 559 (37 Pac. 57, 42 Am. St. Rep. 806);  *Garrett* v. *Bishop*, 27 Or. 349 (41 Pac. 10);  *Bowman* v. *Bowman*, 35 Or. 279 (57 Pac. 546);  *Lavery* v. *Arnold*, 36 Or. 84 (57 Pac. 906);  *Hallock* v. *Suitor*, 37 Or. 9 (60 Pac. 384);  *Miser* v. *O'Shea*, 37 Or. 231 (62 Pac. 491).   While frequent trespasses upon the track of a railroad company, of which it

had no knowledge, does not create a license to use the track as a footpath (*Ward* v. *Southern Pac. Co.* 25 Or. 433, 36 Pac. 166, 23 L. R. A. 715, 60 Am. & Eng. R. R. Cas. 34), it must be conceded, we think, that a mere naked license by acquiescence may be created in favor of a person or the public by his or its use of real property or an easement therein without the owner's objection (*Cederson* v. *Oregon R. R. & Nav. Co.* 62 Pac. 637); but a license of that character, unless enjoyed for such a time as to bar the statute of limitations, may be revoked at any time at the pleasure of the licensor : *Carskaddon* v. *Mills,* 5 Ind. App. 22, 31 N. E. 559 ; *Parish* v. *Kaspare,* 109 Ind. 586, 10 N. E. 109 ; *Simpson* v. *Wright,* 21 Ill. App. 67 ; *Pitzman* v. *Boyce,* 111 Mo. 387, 33 Am. St. Rep. 536, 19 S. W. 1104. We do not think that upon principle a mere naked license, which is predicated upon an invasion of another's right, and is, in effect, a trespass upon his property, so encourages a party to act upon the faith of the implied permission as to render it irrevocable, even when money has been expended in improving property under a belief that the uninvited use relied upon will never be interrupted ; and, in so far as the decision in *Curtis* v. *La Grande Water Co.* 20 Or. 34 (23 Pac. 808, 25 Pac. 378, 10 L. R. A. 484), is in conflict with the principle here announced, it is overruled.   Upon this theory the complaint did not state facts sufficient to constitute a cause of suit, and, no error having been committed in sustaining the demurrer, the decree is affirmed.                          AFFIRMED.