Argued 14 January, decided 1 February, 1904.

**BOLTER v. GARRETT.**

[75 Pac. 142.]

WATERS—ESTOPPEL BY NOT OBJECTING TO DIVERSION.

1. One entitled to the use of water cannot be deprived thereof on the principle of estoppel by merely seeing another constructing a ditch and making no objection thereto until the diversion is completed.

CHANGING POINT OF DIVERSION—RIGHTS OF OTHER APPROPRIATORS.

2. An appropriator may change the point of his diversion of water provided he does not thereby injure a subsequent appropriator.

CHANGING POINT OF DIVERSION NOT AN ABANDONMENT.

3. An alteration by an appropriator of water in his point of diversion by changing it from above to below the point of a subsequent appropriator's diversion, does not, of itself, manifest an intention to abandon the use of the water theretofore appropriated.

RIGHTS OF FIRST AND SUBSEQUENT APPROPRIATORS.

4. The prior appropriator of water is entitled to the use of it all if necessary to irrigate his land under cultivation, and the surplus, after a reasonable use by him, should be distributed to subsequent claimants in the order of their respective appropriations.

From Crook: W. L. BRADSHAW, Judge.

This is a suit by E. G. Bolter against J. H. Garrett to enjoin interference with the flow of water in Trout Creek, a nonnavigable stream that rises in the eastern part of Crook County, flows westward, and empties into Des Chutes River. The complaint states that plaintiff made a prior appropriation of all the water of that stream, and that thereafter the defendant wrongfully diverted a part, and threatens to use the whole thereof, to plaintiff's irreparable injury. The answer denies the material allegations of the complaint, and for a separate defense avers that after such appropriation was made water rose in the creek below plaintiff's dam, which the defendant diverted, and applied to a beneficial use. The reply having put in issue the allegations of new matter in the answer, the cause was referred, and from the testimony taken the court found that plaintiff was the prior appropriator of the water of Trout Creek, and entitled to its use, except that the defendant at all times should have sufficient thereof for his

orchard and garden; but if the supply was inadequate to irrigate the orchards of both parties the water should be so divided that each might have the use thereof for that purpose, and that during the early irrigating season the defendant was entitled to the surplus after plaintiff had secured sufficient to irrigate his crops, orchard, and garden, without specifying in any manner what quantity either party was entitled to, and, a decree having been entered in accordance therewith, the plaintiff appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. M. R. Elliott.*

For respondent there was a brief and an oral argument by *Mr. George W. Barnes.*

MR. CHIEF JUSTICE MOORE, after stating the facts in the foregoing terms, delivered the opinion of the court.

The testimony shows that in the winter and early spring the banks of Trout Creek are well filled, but about June 1st the water begins to recede, and in four weeks thereafter usually becomes so low that it is insufficient to irrigate crops that might be grown on land to which the water has been appropriated. In 1879 the plaintiff settled on 160 acres of arid public land through which this stream flows in a southwesterly direction, and in 1880 and the year following he constructed ditches on the east and west sides of the creek, respectively, and diverted water therefrom which he has used in irrigating a garden, an orchard, and crops of alfalfa, grown on his cultivated land consisting of about fifty-five acres, which is about equally divided by the creek. The defendant settled on 160 acres of similar land adjoining plaintiff's on the south, as appears by the map offered in evidence, and in 1896 dug a ditch from a point on the east side of the creek above plaintiff's lower

44 OR.—— 20

dam, and diverted water which he has since used in irrigating crops, vegetables, and fruit and ornamental trees growing on his premises. In April and May Trout Creek affords sufficient water by the use of which plaintiff and defendant can, without injury to each other, grow a profitable crop of alfalfa, and in the absence of further irrigation the moisture thus artificially communicated to the land enables them to grow another crop, but with the abundant use of water three harvests of this kind of hay may be secured in one season. Without irrigation the defendant's orchard must inevitably suffer, and realizing this fact the court awarded him the use of water in the dry season to keep his trees alive.

1. The defendant's counsel seeks to justify this part of the decree by contending that the parties orally agreed upon a division of the water, thereby creating a parol license which cannot be revoked by plaintiff after defendant, relying upon the faith of the contract, has expended money in making permanent and valuable improvements to his premises. The defendant, as a witness in his own behalf, testified that when he was seeking public land to file thereon the plaintiff gave him a map of the township in which he selected a tract, telling him that the premises so chosen would make a good home, and assuring him that a neighbor would permit the construction of a ditch through his field, so that water might be diverted; that he thought plaintiff knew he entered into an agreement with this neighbor, whereby he secured a right to conduct water to his premises; and that the plaintiff, without making any objections thereto, saw the witness expending money and labor in constructing his ditch and in improving his property, which if deprived of the use of water would be rendered almost valueless. The testimony relied upon to create an estoppel is not, in our opinion, sufficient for that purpose; the rule being settled in this State that

a person entitled to the use of water cannot be deprived thereof by merely seeing another constructing a ditch and making no objection thereto until the diversion is completed. In *Lavery* v. *Arnold*, 36 Or. 84 (57 Pac. 906, 58 Pac. 524), in speaking of a tacit permission sought to be implied in a case of this kind, it is said : " But such license must result from some consideration paid by the licensee or some benefit accruing to the licensor ; otherwise the person entitled to the use of the water might be deprived thereof by seeing a neighbor constructing a ditch, making no objection thereto until the water was diverted, under an honest belief that he intended to use only the surplus." To the same effect, see *Garrett* v. *Bishop*, 27 Or. 349 (41 Pac. 10); *Hallock* v. *Suitor*, 37 Or. 9 (60 Pac. 384); *Ewing* v. *Rhea*, 37 Or. 583 (62 Pac. 790, 52 L. R. A. 140, 82 Am. St. Rep. 783).

2. The west side ditch originally tapped the creek above the defendant's dam, but owing to changes in the bed of the stream, caused by freshets, it has been moved below his point of diversion. This ditch, having been originally dug prior to the inception of defendant's appropriation, could not thereafter be changed to his prejudice : *Cole* v. *Logan*, 24 Or. 304 (33 Pac. 568).

3. The alteration, however, does not manifest an intention to abandon the use of the water on the west side of the creek, nor does it deprive the defendant of any of his rights, for he constructed his ditch above plaintiff's east side diversion, which has never been changed, and by the latter means the entire flow of the stream that passed the upper dam in the dry season could have been secured. There was therefore no water rising in the creek below plaintiff's dam, as alleged in the answer, that was subject to appropriation, except the surplus after his necessary demands had been supplied, and, if it required the full flow of the stream for that purpose in the dry season, the

defendant's crops, vegetables, and fruit and ornamental trees must necessarily suffer in consequence thereof.

4. The plaintiff, being the prior appropriator, is entitled to the use of all the water in Trout Creek, if necessary to irrigate his crops, orchard, and garden, but what quantity may be required for that purpose it is difficult to determine from the transcript. It will be remembered that he has in cultivation about 55 acres, and in the opinion of two witnesses it requires from eight to twelve inches of water, surface measurement, properly to irrigate an acre. The testimony does not show that these witnesses ever had any experience in irrigating crops or knew how to measure water, or what quantity was required for the purpose stated, and, although no objection was made on that account, we cannot yield our consent to the estimate given. The time has arrived when greater care must be exercised in using water, in order that it may subserve the needs of as many people as possible, and contribute to the cultivation of crops on a greater area of land. The right of the prior appropriator must be protected, but only to the extent of his reasonable use, after supplying which the surplus should be distributed to subsequent claimants in the order of their respective appropriations. The decree is therefore reversed, and, as it is impossible to adjudicate the rights of the parties from an inspection of the record before us, the cause will be remanded to take further testimony in relation to the quantity of water, by miner's measurement, necessary properly to irrigate plaintiff's crops, shrubbery, and fruit and ornamental trees, and after taking such testimony a decree will be entered in the lower court, awarding to him the prior right to the use of the quantity of water so to be ascertained, and giving to the defendant the surplus.          REVERSED.