Submitted on briefs without argument October 21, decided November 11, 1913.

## BOOTH-KELLY LUMBER CO. *v*. EUGENE.

### (136 Pac. 29.)

**Waters and Watercourses—Diversion by City—Assent of Owner—Effect.**

1. A mill owner's implied assent to a city's diversion of water at a point above his "waterway" does not give the city a right to deprive the owner of his property in the stream or make his assent an irrevocable parol license to continue the diversion, if done without authority.

[As to what constitutes appropriation of water, see note in 60 Am. St. Rep. 799.]

**Injunction—Grounds for Denial—Injury to Public.**

2. Where the enjoining of a particular act might seriously affect the public, the injunction is usually denied, so that, at the suit of a mill owner, the diversion by a city of water, at a point above the mill-way, which might be used for drinking purposes or the extinguishment of fires would not be enjoined.

From Lane: John S. Coke, Judge.

Department 1.   Statement by Mr. Justice Moore.

This is a suit by the Booth-Kelly Lumber Company against the City of Eugene, a municipal corporation, and J. D. Matlock, mayor of the City of Eugene, and T. H. Garrett, J. E. Roach, W. S. Moon, R. B. Henderson, John M. Williams, F. J. Berger, A. W. Gilbert, and Sherman Heller, constituting the mayor and common council of the City of Eugene, to enjoin interference with the flow of a stated quantity of water in the channel of a non-navigable stream.   The complaint alleges in effect: That the plaintiff, a corporation, has expended $240,000 in erecting at Coburg, Oregon, a mill in which are sawed logs that are cut from its lands situate on and near the banks of the McKenzie River.   That a "waterway" connects the mill site with

the river, down which stream are floated during the
summer sawlogs that are run into the "waterway"
and there held until they are manufactured into lum-
ber.    That the McKenzie River is suitable for floating
logs to market only in the summer, and in the winter
that stream flows so rapidly that it is impossible safely
to drive logs therein.    That after the river had been
used in driving logs in the summer for 30 years by
the plaintiff and its predecessors, and after the plain-
tiff had secured about 1,000,000,000 feet of merchant-
able saw timber along the banks and within the water-
shed of that stream, the defendants, the City of
Eugene and its officers, caused a canal to be dug from
the McKenzie River, commencing at a point above
Coburg, and diverted from that stream large quanti-
ties of water in order to operate a hydro-electric plant
which is employed in pumping from the Willamette
River water which is supplied to the inhabitants of
that city, and which plant is also used in generating
electricity that is furnished to such citizens for illumi-
nation and power.    That the diversion will in the sum-
mer so interfere with the flow of water in the channel
of the river below the intake of the canal as to prevent
the floating of logs to the plaintiff's mills, to its ir-
reparable injury, for the redress of which it has no
plain, speedy or adequate remedy at law.

A demurrer to the complaint on the ground that it
did not state facts sufficient to justify equitable in-
tervention having been sustained, the suit was dis-
missed and the plaintiff appeals.    Submitted on briefs
without argument under the proviso of rule 18 of the
Supreme Court: 56 Or. 622 (117 Pac. xi).

DISMISSED WITHOUT PREJUDICE.

For appellant there was a brief over the names of
*Messrs. Woodcock & Smith* and *Mr. Charles A. Hardy.*

For respondents there was a brief over the names of *Mr. G. F. Skipworth, Mr. John M. Pipes* and *Mr. Martin L. Pipes.*

MR. JUSTICE MOORE delivered the opinion of the court.

It is not alleged in the complaint that the plaintiff or its predecessors in interest made a prior appropriation of the water of the McKenzie River sufficient to transport in the summer in the channel of that stream, and in the waterway connected therewith, sawlogs to its mills at Coburg. It will be assumed, however, from the averment that the river had been used for that purpose by the plaintiff and its predecessors 30 years, which period antedates the defendant's diversion, that facts are set forth in the complaint adequate to show a *prima facie* right in the plaintiff to the relief sought, if application therefor had been seasonably made.

1. It appears from the complaint that the defendant's canal had been completed and was in operation before any attempt was made to prevent the diversion. It must be accepted, therefore, as true that the plaintiff, tacitly at least, acquiesced in the change of the flow of a part of the water. Such implied assent cannot, under the rule adopted in this state, form a basis of a right to deprive the plaintiff of its property in the stream or make the apparent submission the foundation of an irrevocable parol license to continue the diversion, if it was done without authority: *Garrett v. Bishop,* 27 Or. 349 (41 Pac. 10); *Hallock v. Suitor,* 37 Or. 9 (60 Pac. 384); *National F. A. Co. v. Portland,* 59 Or. 409 (117 Pac. 285). The question of an oral permission to turn the water out of its natural channel is not involved herein and is adverted to only to ascertain whether or not discretion was abused in

denying an injunction, for it is reasonable to suppose that, if application therefor had been made in proper time, the diversion would have been temporarily restrained until the right was determined.

2. The bestowal of the chiefest good upon the greatest number of persons, though often granted by a legislature, can seldom form the basis of judicial determination. Where, however, the issuing of a writ requiring a party to refrain from a particular act might seriously affect the public, the injunction is usually denied: 16 Am. & Eng. Ency. of Law (2 ed.), 364; 22 Cyc. 784. Thus, by reason of the great injury which would fall upon a city by restraining the continuous use of its sewage system when established, it was held that the granting of an injunction would be inequitable: *Simmons* v. *Paterson,* 60 N. J. Eq. 385 (45 Atl. 995, 83 Am. St. Rep. 642, 48 L. R. A. 717).

Where an exclusive right to furnish a city with water had been granted for a definite time, before the expiration of which, and in violation of the privilege originally conferred, another party pursuant to a charter provision also began supplying water, it was ruled in a suit to prevent the latter service that, since a restraining order might cause serious harm to the people of the city, an injunction *pendente lite* should be denied: *Stein, Exr.,* v. *Bienville Water Supply Co.* (C. C.), 32 Fed. 876. So, too, where the owner of a water-power without objection and without the assessment or prepayment of damages suffered a city to erect waterworks designed to be fed from the same stream, it was determined that he could not have an injunction against the use of the water on the ground of the injury to his power: *City of Logansport* v. *Uhl,* 99 Ind. 531 (50 Am. Rep. 109).

In the case at bar, whether or not the furnishing of illumination is such an employment of electricity as

to render the deprivation thereof harmful to the public is not now necessary to determine, for the granting of an injunction herein might deny to the inhabitants of the City of Eugene the use of water to quench thirst, thereby impairing the public health, or it might prevent the employment of water to extinguish fires in burning buildings and in consequence thereof the property of many citizens might become imperiled. As these supposed effects may be reasonably expected, the resultant injury to the public counter-balances the strict legal right of the plaintiff; and, such being the case, no discretion was abused in denying an injunction, which relief alone was sought by the complaint, and, in sustaining a demurrer thereto, no error was committed.

As it is possible that the plaintiff may desire in an action at law to establish its alleged right to a continuous flow in the natural channel of the water of the river and to recover damages for the diversion, the decree should be modified so as to dismiss the suit without prejudice, and it is so ordered.

DISMISSED WITHOUT PREJUDICE.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.