McNABB *et al.* v. HOUSER.

No. 7899.  JANUARY 16, 1931.

*Edgar B. Dunlap, A. W. Vandiviere,* and *B. P. Gaillard Jr.,* for plaintiffs in error.

*Joseph G. Collins,* contra.

HINES, J. (After stating the foregoing facts.) The rulings stated in headnotes 1 and 2 need no elaboration. We shall deal only with the question whether the facts demand a finding that the plaintiff is estopped, by his silence and acquiescence, from seeking to enjoin the defendants from their threatened diversion of the water from the stream upon which the plaintiff is a lower riparian owner. It is insisted that the plaintiff knew that the defendants were cleaning out and constructing a ditch for the purpose of diverting the waters in this stream, and knew that in so doing the defendants had expended and were expending a large sum of money; that plaintiff with this knowledge remained silent and made no objection to such work until a large sum of money had been expended by the defendants in the promotion of such work; and that for this reason the plaintiff is estopped from enjoining the defendants from the threatened diversion of the water from this stream. The defendants do not allege that the plaintiff had done anything or said anything which induced them to clean out and construct this ditch for the purpose of diverting the water from this stream. The contention of the defendants is that the plaintiff, with knowledge that they were expending a large sum of money in cleaning out and constructing this ditch, remained silent and passive, and made no objection to the prosecution of this work until the ditch was nearly ready for the diversion of the water from the lands of the plaintiff through the same; and that for this reason the plaintiff is estopped from seeking to enjoin them from so diverting the water which naturally flowed in this stream through the lands of the plaintiff, which were situated thereon below the point of diversion.

Counsel for the defendants rely mainly upon the decision in

*Southern Marble Co.* v. *Darnell,* 94 *Ga.* 231 (21 S. E. 531), where this court held: "If the owner consented to the construction of the ditch or canal, knowing the purpose of the same, he could not afterwards complain of the result as an injury to him or his premises. His consent might be inferred from his aiding as an employee in surveying and locating the route of the ditch and accepting compensation for his labor, unless he actually objected and made his objection known in due time." The principle thus announced is in no way applicable to the case under consideration. In the case cited the plaintiff aided as an employee in surveying and locating the route of the ditch through his own land, and accepted compensation from his employer for his labor in so doing. He did not object to the digging of the ditch through his own land. In these circumstances it could well be inferred that he consented to the construction of the ditch through his land; and after the ditch had been completed with his consent, he could not complain of the result as an injury to himself or to his premises. Counsel for the defendants rely upon the fourth headnote of the decision just cited, as follows: "If the owner stood by while the ditch or canal was being constructed at a heavy expense, and made no objection and took no steps to prevent the work or its consequences, until after completion, he would be estopped from afterwards obtaining an injunction against the use of the ditch or the continuous diversion of the water by means of the same." The principle thus announced must be construed in view of the facts of that case. The owner knew that the ditch was being constructed through his land, for the conduct of water, at a heavy expense. He made no objection to the digging of the ditch through his land, but on the contrary he aided as an employee of the defendant in surveying and locating the route of the ditch through his own land, accepted from the defendant compensation for this service, made no objection, and took no step to prevent its completion until after the ditch had been completed and the defendant had begun to use the same for the purposes for which it was dug. In these circumstances a court of equity might well decline to give its aid to the plaintiff by enjoining the defendant from using the ditch, and leave him to his action for damages. In the instant case the plaintiff took no active part in the cleaning out and construction of this ditch. He was not employed by the defendants in any way to aid in its construction,

and he did not wait until the ditch had been fully cleaned out and constructed and the defendants had begun to use the water diverted from this stream through this ditch for their mining purposes. The plaintiff only remained passive and inactive. Something more than mere passivity or inaction while the expense is being incurred is generally necessary to create an estoppel. In cases of silence there must be not only the right but the duty to speak, before a failure to do so can estop the owner. Where the owner merely stands by and fails to object while the improvements are being constructed, he is not estopped from obtaining relief in equity against the diversion of the water, where the expenditure is made with notice, actual or constructive, of his superior rights. New York Rubber Co. v. Rothery, 107 N. Y. 310 (14 N. E. 269, 1 Am. St. R. 822.) ; California Pastoral &c. Co. v. Enterprise Canal &c. Co., 127 Fed. 741; 27 R. C. L. 1125, § 66; Stockman v. Riverside Land &c. Co., 64 Cal. 57 (28 Pac. 116) ; Lux v. Haggin, 69 Cal. 255 (4 Pac. 919, 10 Pac. 674) ; Morrill v. St. Anthony Falls &c. Co., 26 Minn. 222 (2 N. W. 842, 37 Am. St. R. 399) ; Lavery v. Arnold, 36 Ore. 84 (57 Pac. 906, 58 Pac. 524) ; Hallock v. Suitor, 37 Ore. 9 (60 Pac. 384) ; Ewing v. Rhea, 37 Ore. 583 (62 Pac. 790, 52 L. R. A. 140, 82 Am. St. R. 783) ; Carson v. Hayes, 39 Ore. 97 (65 Pac. 814). The defendants show no right to divert the waters of this creek from lower riparian owners. They were bound to know that it was unlawful for them so to do. They were chargeable by law with notice of the superior rights of lower riparian owners of land on this stream. They knew that the diversion of a substantial portion of the water of this stream from the land of the plaintiff was unlawful and a trespass. These facts were as well known to the defendants as to the plaintiff. Where the facts are known to both parties, and where they have the same means of ascertaining the truth, there is no estoppel. Sheffield Car Co. v. Constantine Hydraulic Co., 171 Mich. 423 (137 N. W. 305, Ann. Cas. 1914B, 984). Besides, the defendants did not rely upon the passivity and inaction of the plaintiff in cleaning out and constructing this ditch. There must be some degree of turpitude in the conduct of a party, before a court of equity will estop him from asserting his rights as a riparian owner to water which flows through his land. Lower Latham Ditch Co. v. Louden &c. Co., 27 Colo. 267 (60 Pac. 629, 83 Am. St. R. 80). Injunction will lie though

the diversion of the water was complete at the time the application for injunction was made, when it appears that the same was promptly made, and there was no unnecessary delay. *Goodrich* v. *Ga. R. &c. Co.*, 115 *Ga.* 340 (41 S. E. 659). There was no unseasonable delay in seeking the injunction in this case.

So we are of the opinion that the mere passivity and inaction of the plaintiff will not estop him from enjoining the defendants from carrying out their threatened purpose to divert this water from this stream to the injury of the plaintiff, who is a lower riparian owner of lands on both sides thereof. The defendants show no right to entirely divert this water or a substantial part thereof from this stream. If permitted to do so, it would constitute a trespass against the plaintiff. It does not appear that the defendants relied in any way on anything done or said by the plaintiff in cleaning out and constructing this ditch. To hold that the plaintiff is estopped would permit the defendants to take advantage of their own wrong and trespass, and would deprive the plaintiff of substantial rights, when he had done nothing to mislead the defendants or to induce them to spend money in cleaning out and constructing this ditch for the purpose of diverting the water from this stream. We are of the opinion that the judge properly granted a temporary injunction.          *Judgment affirmed.    All the Justices concur.*