# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## SEPTEMBER TERM, 1870.

L. A. SEELY, Appellant, *v.* D. SEBASTIAN, JOHN
FEASTER, JAMES McCONNELL, NELSON Mc-
CONNELL, R. V. SHORT, THOMAS HARRIS and
JESSE V. BOON, Respondents.

Jurisdiction of County Commissioners.—The Act of 1868, to facilitate the
draining of lands in certain cases, only gives to the Board of County
Commissioners jurisdiction to locate a ditch where there is none. The
Commissioners are not authorized to tap the ditch of an adjoining pro-
prietor and assess damages and benefits to such proprietor.

Compensation for tapping Ditch already Dug.—The compensation men-
tioned in § 8 of the Act for the appropriation of an existing ditch, is in
the nature of a contribution, and is distinct from the damages which the
Commissioners are authorized to assess for the cutting of a new ditch.

Public Use.—By public use is meant for the use of many, or where the
public is interested.

Appeal from Clackamas County.

The bill alleges in substance that petitioner is the owner
of certain lands in Clackamas County, in what is known as
Black Creek Swamp; that some years since, wishing to
drain these swamp lands, he obtained the consent of the
owners of the lands lying on the natural outlet of these

swamp lands, to construct a ditch through their lands to drain these lands. That he constructed such ditch at a large outlay, to wit, about $1800, and extended the ditch from the lands below this swamp through his swamp lands, with side ditches to the main ditch; that respondents own lands lying above his in this same swamp, and which, if drained, must be drained through his (plaintiff's) land, and that in January, 1869, these respondents ' petitioned the County Court of said county of Clackamas to appoint Commissioners to locate a ditch through the said lands of petitioners to drain their lands. This proceeding was under Act of 24th October, 1868. The Commissioners met and located such ditch, appropriating for that purpose the main ditch of petitioner already dug through his lands, and connecting with the ditch he had constructed through the lands of the proprietors below him on the outlet. They awarded $100 damages to petitioner, which sum was paid into Court by respondents and was received by petitioner. Petitioner claims that by virtue of the eighth section of the said Act of October 24, 1868, the respondents having tapped and used his ditches are bound to contribute to pay him for the construction thereof a reasonable compensation, which he claims should be in proportion to their mutual benefits derived from its use in draining their lands.

Respondents claim that the award of damages assessed to the petitioner, of one hundred dollars, is the legal compensation intended by the statute.

The bill was dismissed in the Court below and appellant appeals to this Court.

*J. H. Stinson,* for Appellant.

The statute to facilitate the draining of lands in certain cases (Laws 1868, 21) is in derogation of the rights of private property. It takes an interest or estate in one man's lands and conveys it to another without the owner's consent, and unless such procedure be for the public good, although compensation be made to the owner, the statute is unconstitutional and void. (Const. of Oregon, Art. 1, § 18.)

. That the applicant has "land so situated that it requires

draining," and that some "person or persons owning lands adjacent thereto object to ditches being cut on their land," are jurisdictional facts; and unless they appear upon the face of the petition, the County Court can have no jurisdiction.

The statute being in derogation of the rights of private property, and by it a special power being granted to the County Court, the County Court must pursue the statute strictly, and exercise no power not specially granted therein, and as the statute does not grant to the County Court the power to appoint Commissioners to assess a compensation for ditches already dug, the County Court cannot assume such power. (*Sharp* v. *Spear*, 4 Hill, 76; *Spear* v. *Johnson*, 4 Hill, 92; *Gilbert* v. *Columbia Turnpike Co.*, 3 Johns. Cas. 107.)

In the present case, as the County Court had no jurisdiction to appoint Commissioners, and consequently said Commissioners when appointed had no power to act, the assessment of damages for opening a ditch on appellant's land and the payment of such assessment into the County Court and its reception by appellant conveyed no title or right of easement in appellant's land, but the opening of such ditch upon the land of appellant was a trespass, and the receiving of such assessment of damages by appellant was but a waiver of the damages which appellant might have received in an action at law. (1 Washb. on Real Property, 14; 2 Washb. on Real Property, 24, 25, 27, 37 and 67; *Pitcher* v. *Turin Plank Road Co.*, 10 Barb. 436; *Gardner* v. *Mayor of Troy*, 26 Barb. 423; *Allen* v. *Mayor of New York*, 4 E. D. Smith, 404.)

The statute to facilitate the draining of lands in certain cases (Laws 1868, 21) provides in § 4 that the Commissioners appointed to locate a ditch to be dug by the applicant across the lands of another, in assessing the damages done to the land by the opening and use of such ditch, shall take into consideration the benefits (if any) such ditch will be to the aforesaid lands, and equity following the law, when a ditch is already dug and tapped and of mutual benefit to all parties using it, will enforce contribution under § 8.

(*Campbell* v. *Meiser*, 4 John. Ch. R. 334; *Stephens* v. *Cooper*, 1 John. Ch. R. 425; *Secruneth* v. *Thompson*, 9 Pick. 31.)

*Logan, Shattuck & Killen*, for Respondents.

However informal the proceeding in the County Court may have been, and although the Court may even have had no jurisdiction to do what it undertook to do, appellant is, by having received the one hundred dollars paid into Court by respondent under the award of the Commissioners, with full knowledge of what it was paid to him for, estopped from maintaining this proceeding, and especially is he so estopped when he has not refunded the money or offered so to do. (Story Eq. Jur., §§ 1546–1549; 1 Redfield on R. R. 362.)

Independently of any proceeding in Court, treating the Clerk as *agent* for respondent in the payment of the money, we have a written grant of an easement through appellant's land and the right to flow water into his ditch, for a valuable consideration. And to strengthen this view of the matter, this receipt or contract makes special reference to the proceedings of the County Court and of the parties, and must be construed with reference to them. They are a part of the *things done.*

"Drain on land of another is easement and can only be created by deed, although licensee may have spent money and done work." (Gale & Whately on Easements, 12, 14, note 16 and 17; 11 Ill. 164.) The complaint does not state facts sufficient to constitute a cause of suit, entitling plaintiff to an injunction. (37 N. H. 254, and cases cited.)

By the Court, BOISE, J.:

The statute says: "Any person whose land is so situated that it requires draining, and when any person or persons owning land adjacent thereto object to ditches being cut or dug on their land, may make application in writing to the County Court of his county, at a regular session thereof, for the right of way, etc., and privilege to cut a ditch," etc. When this application is made, the County Commissioners' Court shall appoint Commissioners to locate such ditch

and assess the damages to the owners of the land through whose land the ditch is to be cut—but "in assessing such damages they shall take into consideration the benefit that such ditch will be to the aforesaid lands" through which the ditch is to be cut.

This statute is intended to provide for cutting a ditch where there is none; the work is to be done by the petitioners to the County Court, and it is only in this matter that the Commissioners have jurisdiction. They have no jurisdiction to lay out a ditch over a ditch cut by an adjoining proprietor; and by way of damages, assess the compensation of the owner of the ditch, so appropriated, by tapping his ditch.

This compensation is provided for in the eighth section of the Act, and is distinct from the damages which the Commissioners are directed to assess for the cutting of a new ditch. We think this compensation named in § 8 is in the nature of a contribution, and is a proper matter for a suit in chancery, where all the parties interested in and using the ditch for their common benefit, may be made parties and compelled to pay their equitable share.

It has been insisted that this Act is unconstitutional, as it provides for taking private property for private use (and not for public). We think there is nothing in this point. By public use is meant for the use of many, or where the public is interested.

Suppose a large marsh is situated in such a manner that the miasma arising therefrom affects the public health of a large number of people. To provide for its drainage would be a matter of public concern, and could be regulated by law. So if draining of large swamps would add largely to the area of valuable lands in the State and increase its resources, it would be the proper subject of legislation; and it has been the practice of all States to legislate on this subject, and encourage the drainage of these lands, both as contributing to the public health and agricultural advancement of the country. They are often so situated that their redemption is impossible by private enterprise, and the State may then contribute to that end. Millions of acres of

such lands have been redeemed in this country and in Europe at the expense of government, and we think there can be no question but what our Legislature has this authority, which has been sanctioned by the usage of the whole civilized world.

Judgment will be reversed and a new trial ordered.