Argued January 21, decided February 16, 1909.

## FALLS CITY LUMBER CO. *v.* WATKINS.

[99 Pac. 884.]

LICENSES—REAL PROPERTY—CREATION—PAROL LICENSES—CONSENT.

1. The irrevocability of a parol license for the use of land is based on the theory that it would be inequitable or fraudulent to permit the licensors to deny the licensee's rights; and, where a flume was constructed on the land of another pending negotiations for the license, no license could be implied therefrom, and its construction was at the risk of the party placing it there.

LICENSES—CREATION—IRREVOCABILITY—PAROL LICENSE—ELEMENTS.

2. An irrevocable parol license must be under an oral agreement, under which a consideration is paid by the licensee, or some benefit accrues to the licensor, and improvements or expenditures must be made in reliance thereon.

ESTOPPEL—"EQUITABLE ESTOPPEL"—LICENSES—GROUNDS OF DOCTRINE.

3. The doctrine of "equitable estoppel" is based upon the theory that the party to be estopped has made some misrepresentation which has misled the other party, and which it would be inequitable to permit him to deny.

ESTOPPEL—EQUITABLE ESTOPPEL—PREJUDICIAL EFFECT.

4. In order to create an estoppel by conduct, the representation must materially affect the interests of the other party; and hence one claiming through an assignee for benefit of creditors could not claim any estoppel, as against the assignor, by reason of representations made to the assignee in the assignment proceedings, the assignment having been made and accepted prior to the representations, so that the conduct of the assignee in accepting the assignment was in no way affected by the representations, and neither he nor the creditors having changed their situation or conduct by reason thereof.

ESTOPPEL—PERSONS TO WHOM AVAILABLE.

5. If no equitable estoppel existed in favor of an assignee for benefit of creditors by reason of representations made to him after the assignment had been made and accepted, none could arise in favor of his grantee.

ESTOPPEL—PERSONS ESTOPPED—PARTIES AND PRIVIES.

6. Only parties and their privies are bound by an estoppel by conduct.

ESTOPPEL—PERSONS AFFECTED—PERSONS TO WHOM AVAILABLE.

7. Only those whose conduct misrepresentations are intended to influence or their privies may take advantage of an estoppel, and it is not available to privies in estate or strangers to the transaction, as such an estoppel cannot operate to pass title.

Covenants—Implied Covenants—Words of Grant.

8. No covenant or assurance of title or right to convey real estate can be implied from the operative words of an instrument reciting that the seller grants, bargains, sells, and conveys "the following personal property," including a lumber flume; only personal property being included in the instrument.

Corporations—Officers—Personal Liability for Corporate Acts—Contracts.

9. A corporate officer is not personally liable on a contract made for the corporation, unless he acts beyond the scope of his authority.

Corporations—Stockholders—Liability for Corporate Acts—Contracts.

10. A stockholder is not personally liable on a corporate contract, if he does not participate in making it, so that a stockholder would not be bound by representations made by the corporation without her knowledge or consent, so as to prevent her from denying an easement in property thereafter acquired in violation of the representations.

From Polk: William Galloway, Judge.

This is a suit by the Falls City Lumber Company against Cora P. Watkins and others. From a decree for plaintiff enjoining the destruction of a flume on defendants' land, the defendant named appeals.

Statement by Mr. Justice Eakin.

This is a suit to enjoin the defendants from destroying or molesting a lumber flume, situated ·upon land of defendant, Mrs. Cora P. Watkins. In January, 1905, defendants were stockholders, and E. H. and Arthur H. Watkins were officers, of the Coast Range Lumber Company, a corporation. The said company had constructed and owned, as a part of its lumber plant, a flume from the plant to Falls City, for the purpose of transporting lumber, a portion of said flume being upon the W. ½ of the N. W. ¼ of section 20, T. 8 S., R 6 W. On January 14, 1905, said Coast Range Lumber Company, being greatly in debt, made a general assignment of all its property, including said sawmill plant and flume, to G. T. Gerlinger, for the benefit of its creditors, and plaintiff deraigns its title to the flume in controversy through said assignee. At the time of the construction of the flume by the lumber company, one B. F. Smith owned the land above described. On the 6th of January,

1906, defendant E. H. Watkins negotiated the purchase of said land from Smith, for defendant, Cora P. Watkins, his wife, and it was conveyed to her; that thereafter, on February 7, 1906, while plaintiff owned and was operating the flume, defendants, E. H. and Arthur H. Watkins entered upon said land, willfully broke and destroyed a portion of said flume, and refused to permit the same to be repaired or rebuilt. Plaintiff alleges ownership of the flume, and right of way therefor, and pleads an estoppel against defendants, in that they were the officers and stockholders of the Coast Range Lumber Company when it constructed the flume, and when it made the assignment, and that Cora P. Watkins, when she purchased the land, had knowledge of all the facts in relation thereto; that the lumber company sold and conveyed the same to plaintiff's grantor, and that the lumber company, by its officers—these defendants— expressly represented to plaintiff's grantor, that said company had a right of way for said flume, and good right to maintain and operate the same, and, relying upon said assurance, plaintiff's grantor rebuilt the mill, at a great expense, which had been destroyed by fire.

The answer denies the allegations of the amended complaint, and upon the trial the court found for plaintiff, and rendered a decree thereon, from which defendants appeal.                                                   REVERSED.

For appellant there was a brief with oral arguments by *Mr. Austin F. Flegel* and *Mr. John W. Reynolds.*

For respondent there was a brief and an oral argument by *Mr. Richard W. Montague.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. Plaintiff claims title to the right of way for the flume over the land in question by an implied license, viz., that at the time the Coast Range Lumber Company constructed the flume, said Smith, with knowledge thereof, consented thereto, and that such license is irrevocable.

But this contention is not justified by the evidence or the law. Smith testifies that he did not know the flume was being built until after it was completed; that there had been some overtures, in regard to a way for the flume, by Montgomery and Watkins before it was built, but that no agreement had been reached; that he did not authorize the erection thereof, nor consent thereto. He did not order it away, but expected them to do what was right about it. If there were negotiations pending for a way, between Smith and the lumber company, and the flume was constructed before the consummation of the agreement, this was not sufficient to constitute a parol license. When both parties act with knowledge that a license is sought, and the improvement is made before the license is obtained, it will be at the risk of the party making it, but no license can be implied therefrom.

2. The irrevocability of a parol license, or the application of equitable estoppel, proceeds upon the ground of preventing fraud, and depends upon some conduct of the licensor, which, if permitted to deny, will amount to fraud upon the licensee. This court has frequently defined an irrevocable license, recognizing three essential elements, viz.: The license must be upon some consideration paid by the licensee, or some benefit accruing to the licensor; there must be an oral agreement therefor; and improvements or expenditure in reliance thereon. *Lavery* v. *Arnold,* 36 Or. 84 (57 Pac. 906: 58 Pac. 524); *Miser* v. *O'Shea,* 37 Or. 231 (62 Pac. 491: 82 Am. St. Rep. 751); *Ewing* v. *Rhea,* 37 Or. 583 (62 Pac. 790: 52 L. R. A. 140: 82 Am. St. Rep. 783); *Brown* v. *Gold Coin Mining Co.,* 48 Or. 277 (86 Pac. 361).

3. An estoppel may result from misrepresentation or fraud by the owner that will prevent him from interfering with the enjoyment of some easement, by the party misled, but not on the theory of a license. There is an exhaustive note to the case of *Stoner* v. *Zucker,* 148 Cal. 516 (83 Pac. 808: 113 Am. St. Rep. 301), in

7 Am. & Eng. Ann. Cases, 704, upon the revocability of parol license, and also a similar one in 49 L. R. A. 492, to the case of *Pifer* v. *Brown* (43 W. Va. 412: 27 S. E. 399), in which the authors confine the cases, in which the license is irrevocable, to such as contain the elements essential to authorize specific performance of an agreement to convey an easement. But without following that question it is sufficient to say that, in the case before us, there is neither an agreement nor a consideration essential to constitute an irrevocable license, as against Smith, nor is he estopped by reason of any conduct or representation in relation thereto.

4. Plaintiff also insists that the oral representation alleged to have been made by Arthur H. Watkins to Gerlinger, the assignee, in the assignment proceedings constitutes an estoppel against the defendants the stockholders and officers of the lumber company. One of the essential elements of an estoppel by conduct is that the conduct or representation was a matter of substance or importance to the interest of the other party, and that he has acted on it to his injury. Bigelow, Estoppel, 556 *et seq.* The assignment was consummated before the representation was made, and therefore was not an inducement thereto.

5. Nor was the conduct of Gerlinger in accepting the assignment affected or induced by the existence or non-existence of a flume or a way therefor. He took the title to the property then owned by the lumber company for the purpose only of converting it into money and paying the debts of the company, and returning to it the balance of the property, if any. The representation related to a matter of no importance to Gerlinger personally. It in no manner entered into the transaction, nor did he, or the creditors for whom he was also acting, change their situation or conduct by reason thereof, and they were not misled thereby to their injury; and, even if the facts were sufficient to raise an estoppel, it would

be against the company, and would not bind the after-acquired title of Cora P. Watkins, who was not a party to such representation. Plaintiff, however, as successor to the title transferred to Gerlinger by the lumber company, seeks to make such representation a basis for estoppel in its favor against Cora P. Watkins, by reason of the fact that its grantor, T. Scott Brooke, relied thereon when he rebuilt the mill. But if there was no estoppel in favor of Gerlinger, none passed to plaintiff.

6. Again only parties and their privies are bound by the representation, and only those whom the representation is to, or intended to, influence, and their privies, may take advantage of the estoppel.

7. Estoppel by misrepresentation is not binding in favor of privies in estate or strangers to the transaction in which it arose. It is not the office of an estoppel to pass a title. The title remains, but it cannot be asserted against the party who acted upon the false representation. With reference to others it may be asserted or conveyed, and a purchaser, not being a privy, would not be estopped to assert title. Bigelow, Estoppel, §§ 597-609; Ewart, Estoppel, § 198; *Savings Bank* v. *Ward,* 100 U. S. 195 (25 L. Ed. 621) ; *Dundee Mortgage & Trust Investment Co.* v. *Hughes* (C. C.), 20 Fed. 39.

8. Plaintiff also urges that the deed of assignment by the lumber company to Gerlinger is sufficient to pass an after-acquired title. It provides, among other things, that the company:

"Has granted, bargained, sold, conveyed, assigned, set over and transferred, * * all and singular all the property, estate and effects, real and personal, of what nature and kind so ever, of or belonging to the said party of the first part, wherever the same may be * * particularly described in deeds of conveyance and bills of sale of even date herewith."

The bill of sale accompanying this deed of assignment, and referred to in it, provides that the Coast Range Lumber Company does:

"Grant, bargain, sell and convey, unto the said party of the second party * * the following described personal property, now belonging to said first party, to-wit: * * lumber flume * * belonging to and forming a part of the plant and equipment of the business of the Coast Range Lumber Company. * * The intention of this conveyance and instrument being to cover all and singular all of the personal property of what nature and kind so ever, of or belonging to the said party of the first part, whether particularly described herein or covered by this general description."

There is no representation, assurance, or covenant in either of said instruments other than may be inferred or included in the terms "grant, bargain, sell and convey." And probably, to the extent that the property named therein includes any interest in real estate, the granting clause may be sufficient to convey it, but by its terms it only purports to. include personal property, and therefore cannot be construed as a covenant or an assurance of title or right to convey any interest in real estate.

9. An officer of a company who acts for it in making a contract or conveyance is not personally liable on such contract, except that he may be liable if he acts beyond his authority.

10. A stockholder who does not participate in the making of a contract is not liable. 7 Thompson, Corp., §§ 8570, 8572. And therefore, even if Arthur H. Watkins is personally estopped from asserting an after-acquired title, by reason of representation made by him as to the title of the company, yet Cora P. Watkins would not be affected thereby. She was not a party to the representation, nor was it made with her knowledge or consent. Gerlinger and the creditors only intended that the company should transfer to Gerlinger what property it had, and the consummation of the transaction did not depend on the quantity of the property or completeness of the title. Therefore neither of them were misled to his injury by what might have been said by A. H.

Watkins, and the court erred in holding that defendant Cora P. Watkins acquired the title to the land in question subject to a right of way for the lumber flume, and the decree will be reversed, and one entered here dissolving the injunction, and adjudging that, as against plaintiff, she is the owner of said land, free from any right of way for such flume, and for her costs and disbursements.

REVERSED.