Argued October 29, decided November 26, 1912; rehearing denied
January 7, 1913.

### KELSEY v. BERTRAM.*

(127 Pac. 777.)

**Licenses—Use of Real Property—Revocation—stoppel.**

Defendant, having by parol and without consideration auth-
orized plaintiff to construct an irrigation ditch across his land
and through and under his mill, is estopped from revoking such
permission after plaintiff has expended a large sum of money in
constructing the ditch.

REPORTER.

From Union: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit brought by L. S. Kelsey to enjoin Charles
Bertram from interfering with plaintiff in the construc-
tion of an irrigating canal across certain lands claimed
by defendant and through or under a sawmill maintained
and operated by said defendant. The complaint alleges
that plaintiff is the owner of certain arid lands near the
town of North Powder, in Union County, and that he is
the owner of the right to build and construct an irrigat-
ing canal to convey the water from the tailrace of the
North Powder Milling Company's flouring mill, in said
town, to his land near Clover Creek, in said county, said
proposed canal being about seven miles in length, and
also of a right granted by H. O. Gorham, the owner of
the land claimed by defendant, to construct said ditch
over said land, for which property defendant had a lease
for four years, expiring about October 1, 1911; that about
April 27, 1910, while defendant was in possession of the
property under the lease from Gorham, and while plain-
tiff was surveying and locating the line of said canal, he
entered into an oral contract with defendant, whereby

---

*The decisions on the question of the revocability of a license to main-
tain a burden on land, after the licensee has incurred expense in creating
the burden, are gathered in a note in 49 L. R. A. 497, and in supplemental
notes in 19 L. R. A. (N. S.) 700, and 25 L. R. A. (N. S.) 727.

defendant granted him the right to construct and maintain the canal over and across said sawmill property, in consideration of which plaintiff agreed to furnish defendant and said sawmill property water from said canal to fill and keep full the log pond of said sawmill, and to build and maintain over the canal a suitable logway for transporting logs over the same to the log pond or mill; that thereafter, in pursuance of such agreement, plaintiff entered upon the construction of the canal, and during the summer, fall, and winter of 1910 built nearly all of it, at an outlay of over $5,000, and built said canal over all but about 30 feet of the sawmill property, and was proceeding to complete the same over the mill property, when he was stopped by defendant, who had plaintiff arrested for trespass, and threatened to continue such arrests from day to day and to hinder and delay plaintiff; that defendant's lease has expired, but he still continues to interfere with plaintiff in his work, and threatens further so to do, unless plaintiff ceases to construct the canal across said premises. A preliminary injunction issued, and defendant answered by a general denial, and also alleged ownership of the mill, and claimed that he was entitled to possession of the land by virtue of a lease from Gorham, which was made for six years, with an option to defendant to purchase the property at any time within six years, and that he still had the right under such lease to occupy the property for the term of —— years, and during said time to become absolutely the owner of the premises by paying the price mentioned in the lease. Defendant denied having made any agreement whatever with plaintiff, or having given him any permission to construct his canal across the property, and alleged that the construction of the same would irreparably damage the property and render the same valueless. The court found for the plaintiff on all the issues, and defendant appeals.          Affirmed.

For appellant there was a brief and an oral argument
by *Mr. Turner Oliver.*

For respondent there was a brief with oral arguments
by *Messrs. Crawford & Eakin.*

MR. JUSTICE MCBRIDE delivered the opinion of the
court.

A careful consideration of the testimony satisfies us
that defendant agreed that plaintiff might construct his
canal through the premises in question and through or
under a portion of the mill, and that, relying upon this
license, plaintiff has constructed the ditch to the extent
claimed in the complaint, and expended a large amount
of money thereon.   Many authorities hold that, even
under such circumstances, a parol license is revocable,
unless a consideration was paid or given therefor; but
such is not the rule in this State.   *Bowman* v. *Bowman,*
35 Or. 279 (57 Pac. 546) ; *Curtis* v. *La Grande Hydraulic
Water Co.,* 20 Or. 34 (23 Pac. 808: 25 Pac. 378: 10 L.
R. A. 484) ; *McBroom* v. *Thompson,* 25 Or. 559 (37 Pac.
57: 42 Am. St. Rep. 806).

In *Curtis* v. *La Grande Hydraulic Water Co.,* 20 Or.
34 (23 Pac. 808: 25 Pac. 378: 10 L. R. A. 484), Justice
LORD says:

"An executed license is treated like a parol agreement
in equity; it will not allow the statute to be used as a
cover for fraud; it will not permit advantage to be taken
of the form of the consent; although not within the
statute of frauds, after large expenditures of money or
labor have been invested in permanent improvements
upon the land, in good faith, upon the reliance reposed
in such consent.   To allow one to revoke his consent,
when it was given or had the effect to influence the con-
duct of another and cause him to make large investments,
would operate as a fraud and warrant the interference
of equity to prevent it."

In *Ewing* v. *Rhea,* 37 Or. 583 (62 Pac. 790: 52 L. R. A. 140: 82 Am. St. Rep. 783), this doctrine is reiterated; but the court draws a distinction between a license by acquiescence, which begins in trespass, and a. license by parol agreement, holding that a license of the character first mentioned is revocable, even after the expenditure of money in improving property under a belief that the uninvited use relied upon will never be interrupted. See, also, *McPhee* v. *Kelsey,* 44 Or. 193 (74 Pac. 401: 75 Pac. 713) ; *Brown* v. *Gold Coin Mining Co.,* 48 Or. 277 (86 Pac. 361) ; *Falls City Lumber Co.* v. *Watkins,* 53 Or. 212 (99 Pac. 884) ; *Shaw* v. *Proffit,* 57 Or. 212 (109 Pac. 584: 110 Pac. 1092).

We therefore conclude that defendant, having by a parol agreement authorized plaintiff to construct his ditch across the land in question and through or under his mill, is estopped from revoking such permission after plaintiff has, in pursuance of it, expended a large sum of· money in constructing it.

AFFIRMED: REHEARING DENIED.