Argued March 3, affirmed March 16, 1960

# FRY ET AL v. WOODWARD ET UX

350 P. 2d 183

*G. W. Kellington,* Medford, argued the cause for appellants. On the briefs was V. A. C. Ahlf, Grants Pass.

*Charles A. Telfer,* Grants Pass, argued the cause for respondents. On the brief were Johnson & Telfer, Grants Pass.

Before McALLISTER, Chief Justice, and ROSSMAN, O'CONNELL and HOLMAN, Justices.

HOLMAN, J. (Pro Tempore)

Plaintiffs Fry and Marthaller, who are the purchasers under contract from the record owners, brought this suit to quiet title against the defendants Woodward, who are husband and wife. Defendants assert they have title by adverse possession. The suit concerns a tract of land in Josephine County lying between the Applegate River and what is known as the Old Rogue River Loop Highway, which parallel each other. The property lies downstream a short distance below the location where the old Pacific Highway crossed the river, and is bounded on the West by the Loop Highway and on the East by the thread of the Applegate River.

Defendants own property directly West of and

across the Loop Highway from the southerly part of the disputed tract. A sister of Mrs. Woodward and the sister's husband, a Mr. and Mrs. Rawls, own property directly West of and across the Loop Highway from the northerly part of the disputed tract. North of the Rawls lies the property of the plaintiffs, which is known as River Bank Farms. The topography of the land is one that generally slopes upward in a westerly direction from the Applegate River, the disputed part lying between the river and the road being what is generally denoted as river bottom. We thus have a picture of three pieces of property, the defendants', the Rawls', and the plaintiffs', as they run from South to North, the disputed property lying between the road and the river directly East of and across the road from the defendants and the Rawls.

Defendants raise numerous matters of pleading and procedure which we believe have no merit and which we will not mention further.

The only question in the case is whether defendants have acquired title by adverse possession, either by their own occupancy or by the occupancy of their predecessors in interest. The trial court confirmed plaintiffs' title and denied defendants' claim of adverse possession. From this decree the defendants appeal.

The property in question is low land, with brush, trees, and berry bushes, but consists mainly of a gravel bar. It is subject to flooding from the Applegate River in the winter, and therefore does not lend itself to cultivation or fencing, and has grown wild. It is unfenced except for one separating it from the highway. There is some evidence that many years ago one of defendants' predecessors in interest by the name of Woeffle may have cultivated a very small tract, and

that a right of way for a ditch for irrgation was given by him across a portion of it to one of plaintiffs' predecessors in interest, but the location of both the cultivated tract and the ditch is uncertain. The area was largely used for picnics, swimming and fishing by all adjacent neighbors and the public generally. Persons living in the locality went onto the bar to get small amounts of gravel for use on their farms. Defendants and the Rawls testified they went on the property from time to time to cut cedar for fence posts. It was for a time erroneously assessed to defendants, and during this time they paid the taxes.

Plaintiffs introduced testimony indicating their predecessors in interest had used gravel from the premises in question all through the disputed periods. Both sides introduced evidence they had put up "No Trespassing" and similar signs, and there was testimony there was presently in existence a sign put up by plaintiffs predecessors. Plaintiffs introduced evidence that Mr. Woodward, one of the defendants, had requested permission of their predecessors in interest to take gravel from the bar for the defendants' personal use. This was not denied by defendants. Plaintiffs also introduced other evidence tending to refute the occupation and dominion of the property by defendants' predecessors.

The Rawls have owned their property since 1935, and the defendants since 1942. The dispute in question erupted about 1952 when the state took gravel from the bar. The state first approached the defendants for permission, and then, finding that plaintiffs were the record owners, the state dealt with and paid the plaintiffs.

■■ It would appear to us that defendants have failed to prove actual, open, notorious, exclusive and

hostile possession for the full statutory period in either themselves or their predecessors in interest by clear and positive proof as the law requires. *Laurance v. Tucker,* 160 Or 474, 85 P2d 374; *Reeves v. Porta,* 173 Or 147, 144 P2d 493. The trial judge came to this conclusion and we concur.

Defendants' own evidence indicates that the Rawls used part or all of the disputed tract all during the period defendants claim to hold adversely. As a result, it is difficult to see how possession could have been exclusive in either of them during this period.

Most significant is plaintiffs' evidence indicating one of the defendants requested permission to take gravel from the disputed premises, which testimony defendants have failed absolutely to deny.

Defendants also claim that one of their predecessors in interest, Mr. Woeffle, held adversely for a period of more than ten years, and if this is true, although the preponderance of the evidence seems otherwise to us, the fee would have vested in Woeffle and defendants have no deed from Woeffle or his heirs to the disputed premises as required by *DuVal v. Miller,* 183 Or 287, 192 P2d 249, 192 P2d 992.

We do not fail to recognize that land of the type in dispute may be held adversely by a type of occupation far different than highly utilized agricultural land. What constitutes possession necessarily depends upon the type of use to which the land is suited. See the case of *Springer v. Durette,* 217 Or 196, 342 P2d 132, where Mr. Justice O'CONNELL used the following language, later cited with approval by Mr. Justice KING in the case *Knecht v. Spake,* 218 Or 601, 346 P2d 98:

"Under the circumstances existing in the present case we regard the act of grazing cattle upon the peninsula as sufficient to meet the requirement of

> obtaining title by adverse possession if the plaintiff can establish the adverseness of his claim  *  *  *. The claimant need only show that he 'has acted towards the land in question as would an average owner, taking properly into account the geo-physical nature of this land,' 6 Powell on Real Property § 1018, p 731, considering the 'reasonable uses for which the land in question was suitable.' 6 Powell at p 717." 342 P2d at 134.

The difficulty with defendants' case is that their and their predecessors' use was far from exclusive. Such as it was, it appears to have been in common with every one else. We believe that defendants have failed to carry the burden of proof of showing title by adverse possession either in themselves or their predecessors in interest to the disputed tract, and we therefore affirm the decree of the trial court in every respect.