Argued October 7, affirmed November 12, 1964

# WINTHERS *v.* BERTRAND

396 P. 2d 570

*Robert L. Myers,* Portland, argued the cause for appellant. On the briefs were Shuler, Sayre, Rankin & Myers, Portland.

*Jack L. Kennedy,* Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL and DENECKE, Justices.

DENECKE, J.

In this suit for a decree declaring plaintiff to be the owner of certain real property and for an injunction requiring defendant to remove part of a building alleged to be encroaching upon plaintiff's land, the defense was title by adverse possession. The trial court found title to be in plaintiff and decreed that the encroaching building be removed.

The only issue on the adverse possession question is, did the defendant and her husband, now deceased, possess for the ten-year period the property in dispute? ORS 12.050.

Plaintiff's land is bounded on the west by that of the defendant. The location of this boundary line is the problem. While the entire boundary is in dispute, the northernmost third of the boundary is the crux of the contest, as there the defendant has erected a tile chicken house which extends 36 feet over the boundary as fixed by survey.

The defendant testified to use of the property. She identified the boundary by reference to a partially obliterated fence line, an iron stake at the corner of a

little garage, and a slight bank of earth. None of these objects can now be located definitely upon the ground.

Defendant also identified the area used as extending east to within a few feet of the plaintiff's driveway, which driveway is still in use. If this testimony referred to that part of the driveway immediately east of the chicken house it encompasses the disputed area. However, it is not completely clear if it refers to this portion of the driveway or that south of the chicken house. It is also not clear whether the claimed use after 1952 was as large as the alleged use from 1946. On the other hand, previous owners of plaintiff's property from 1949 to 1961 both testified that the defendant and her husband did not use the area east of the surveyed boundary, as marked by a 1952 survey.

■ Clear and positive proof is required of all the elements necessary to establish adverse possession. *Fry v. Woodward,* 221 Or 39, 43, 350 P2d 183, 185 (1960). This requirement applies to identification of the property adversely used. Here, the identification must be sufficiently precise so that it can be determined whether the property used includes the 36-foot-wide area now occupied by the chicken house.

■■ The trial court found that the defendant did not prove adverse possession. This is in equity and we are not bound by the trial court's findings. However, we do accord its findings considerable weight, particularly when the evidence is conflicting. *Clauder v. Morser,* 204 Or 378, 392, 282 P2d 352, 358 (1955). We conclude that the defendant's evidence locating the area of adverse use is not so specific or compelling that the trial court's findings to the contrary should be disregarded. We hold defendant did not establish adverse possession.

■ Defendant also attacks that portion of the decree

ordering defendant to remove the encroaching structure. The alternative would be for the trial court to award the plaintiff damages for the encroachment; in effect, order a forced sale.

It is conceded that a mandatory injunction is generally a proper remedy to compel an adjoining landowner to remove an encroachment. See *McKee v. Fields,* 187 Or 323, 326, 210 P2d 115, 116 (1949). Defendant contends, however, that it was inappropriate for a court of equity to so order in this case, since the defendant built the structure without knowledge or warning that it was not on defendant's property and since the cost and inconvenience to the defendant, if required to remove a portion of the structure, heavily outweigh the minor damage to the plaintiff.

We have never specifically adopted the principle that a court of equity should balance the hardships on both parties in determining whether the court should order a mandatory injunction or limit the plaintiff to award of damages. See an Annotation to 28 ALR2d 679 (1953), "Mandatory injunction to compel removal of encroachments by adjoining landowner." *Jensen v. Probert,* 174 Or 143, 148 P2d 248 (1944), however, is an illustration of the flexibility of a court of equity in an encroachment case.

This case, however, does not call for a rejection of the usual remedy of mandatory injunction. The evidence is convincing that the defendant and her husband knew when they built the chicken house that the location of the property line was in doubt. The trial court found they knew the chicken house extended east of the surveyed boundary. Under either view this is not a case of an innocent mistake.

The decree is affirmed.