Argued March 5, affirmed May 1, 1975

# PARADISE VENTURES, INC. ET AL, *Respondents,* v. ROSSMAN, *Appellant.*

534 P2d 978

*Gerald R. Pullen,* Portland, argued the cause and filed a brief for appellant. Also on the brief were Redman & Carskadon and James R. Carskadon, Jr., Milwaukie.

*Charles J. Merten* of Merten & Saltveit, argued the cause and filed a brief for respondents.

O'CONNELL, C. J.

This is a suit for rescission of a contract by three shareholders of a close corporation to purchase the shares of a fourth shareholder. The trial court entered a decree rescinding the contract based upon findings of fraud on defendant's part. Defendant appeals, contending that there was not sufficient evidence to support the finding of fraud.

The principal question on appeal is whether defendant intentionally misrepresented to plaintiffs the value of property he conveyed to the corporate plaintiff in return for shares of the corporation, which shares defendant later sold to plaintiffs.

Plaintiffs each testified that the individual parties agreed to pool resources to engage in a number of joint ventures for which Paradise Ventures would be a holding company. Each party was to contribute money or property worth at least $90,000 in return for which each was to receive 25 percent of the shares of Paradise Ventures. Plaintiffs testified that the exact nature of defendant's contribution was left open for some time because his wealth was largely in the form of stock in another small corporation which was contemplating a merger. As a consequence, Paradise Ventures began operations without a contribution from defendant. After a few months, plaintiffs began to press defendant for a firm commitment as to how he planned to satisfy his obligation to contribute his share of the capital to the corporation. Eventually, defendant transferred to the corporation warrants for the purchase of shares of an Arizona corporation at one dollar a share. Plaintiffs testified that defendant represented that the shares which were obtainable under the warrants were selling privately for $6.50 a share, giving the 16,793 warrants a total net value of $92,361.50. After this transfer of the warrants, de-

fendant was issued 250 shares representing his interest in Paradise Ventures.

According to plaintiffs, defendant later told them he needed money to meet other obligations and would sell his 250 shares in Paradise Ventures for $60,000. Plaintiffs entered into a contract with defendant to purchase the stock and paid $20,000 down. Defendant soon began pressing for the payment of a second $20,000 installment. When plaintiffs suggested selling or borrowing on the warrants to pay the second installment, defendant told them that there was no assurance of realizing any amount. Investigation revealed that the warrants were without value and this suit was initiated.

Defendant's version of the facts differed from that of plaintiffs in many particulars. He testified that it was agreed that he would get a 25 percent ownership in Paradise Ventures for serving as its office manager for securing credit for various ventures and for joining plaintiffs Bertsch and Estep in guaranteeing a $150,000 loan by plaintiff Gunn to Paradise Ventures. Defendant stated that he received his stock before transferring the warrants and that when he did transfer the warrants, it was only as a loan to improve the apparent financial condition of Paradise Ventures. He also asserted that he had not initiated the sale of his interest.

■■ The testimony of plaintiffs and that of defendant Rossman cannot be reconciled. The trial court believed plaintiffs' version of the various transactions. In cases such as this in which the credibility of the witnesses is the decisive factor, the findings of the trial court, who sees and hears the witnesses, is entitled to great weight. In the present case, it is apparent from the cold record that defendant is not telling the truth. Defendant's testimony was contradicted by physical evidence in a number of instances

and was vague and inconsistent. In addition, there was evidence sufficient to support the conclusion that defendant had concocted two of the documents upon which his defense depended. The trial court correctly found that defendant's conduct warranted rescission of the plaintiffs' agreement to purchase defendant's shares in Paradise Ventures.

Affirmed.