Argued August 27, affirmed October 29, 1979

# MATTOON,
## *Appellant,*
### *v.*
# CLAYBORN, et ux,
## *Respondents.*

## (No. E78-0307, CA 12868)

602 P2d 657

James C. Farrell, Roseburg, argued the cause and submitted the brief for appellant.

George W. Neuner, Roseburg, argued the cause for the respondents. With him on the brief was Neuner, Dole, Caley & Kolberg, Roseburg.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Plaintiff, as the record owner, sought to quiet title to .25 acres of real property. The trial court entered a decree that the defendants were the owners of the property by virtue of adverse possession. Plaintiff has appealed and we affirm.

The plaintiff argues that the trial court erred in its evaluation of the testimony and that defendants did not establish the elements of adverse possession by clear and positive proof.

In 1962, plaintiff owned a rectangular tract of land containing approximately 1.55 acres on the outskirts of Drain, Oregon. The tract was bisected by a road running generally in a northeasterly direction. Plaintiff desired to sell a portion of the tract north of the road which included her residence. A surveyor divided the land north of the road into two parts: (1) a tract of .70 acres, which included the residence, and (2) a tract of .25 acres, which is the area in dispute. *See* sketch on following page.

Since a suit to quiet title is in equity, ORS 105.605, we review de novo. In cases where the credibility of witnesses is the decisive factor, however, the findings of the trial court are entitled to great weight. *Paradise Ventures v. Rossman,* 272 Or 23, 534 P2d 978 (1975).

Plaintiff listed the .70-acre residence tract for sale with a real estate broker. Defendants contacted plaintiff directly and offered to buy the .70-acre tract if the .25-acre tract was included in the sale without an increase in the sale price. Defendants assert plaintiff agreed to this offer. Plaintiff denies this assertion. The sale was closed in the real estate office. The deed, dated in February 1963, did not include the .25-acre tract.[1]

---

[1] Defendants' cross-complaint requested the deed be reformed to include the .25-acre tract. The trial court denied the reformation and found for defendants on their separate answer and defense based on adverse possession.

N

Road

CLAYBORN
.70 acres

MATOON
.82 acres

DISPUTED AREA
.25 acres

.03

Owned by
Third
Person

The trial court specifically found:

> "The evidence established that Defendants used the property for a garden for several years; that they kept the grass mowed seasonally as necessary to keep it under control and avoid fire hazards; that they placed rock on the property and parked vehicles there. Additionally, on at least one occasion they moved heavy equipment across the property and destroyed a small tree while doing so. All of this conduct was done openly and without objection from Plaintiff who lived nearby."

There was no fence or physical barrier between the .25-acre tract and the .70-acre tract. In 1963, plaintiff placed a mobile home on the .82-acre tract across the street and could see defendants' activity on the disputed tract.

■ Plaintiff paid the taxes on the .25-acre tract. The payment of taxes is not essential to establish adverse possession, but failure to pay the taxes is important evidence tending to refute the claim. *Volckers v. Seymour,* 187 Or 170, 173, 210 P2d 484 (1949). Defendants contend that they did not know that their tax statement did not include the taxes on the .25-acre tract. The trial court found this explanation plausible.

■■ There is nothing inconsistent between defendants' claim of ownership by purchase in 1963 and the claim of ownership by adverse possession.

> "* * * [W]e hold that possession under a mistaken belief of ownership satisfies the element of hostility or adverseness in the application of the doctrine of adverse possession." *Norgard et al v. Busher et ux,* 220 Or 297, 303, 349 P2d 490 (1960).

■ We agree with the trial court and find that defendants have proved ownership of the .25-acre tract by adverse possession. Defendants' possession has been open, notorious, continuous, adverse, hostile and exclusive for a period of more than ten years. *Reeves et al v. Porta,* 173 Or 147, 144 P2d 493 (1944). Each element has been proved by clear and positive proof. *Whitley v. Jacobs,* 278 Or 541, 564 P2d 1057 (1977). Defendants

[897]

have shown that they acted toward the tract in dispute as would an average owner taking into consideration the reasonable uses and geophysical nature of the land. *Fry et al v. Woodward, et ux,* 221 Or 39, 350 P2d 183 (1960); *Norgard et al v. Busher et ux, supra,* at 304; *Springer v. Durrette et ux,* 217 Or 196, 342 P2d 132 (1959).

Affirmed.